UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -vs- | § | CRIMINAL NO.  5:17-CR-560 |
| | § | |
| NEERU JAGGI, | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*** 

Defendant Neeru Jaggi filed a Motion *in Limine* asking the Court to exclude several categories of evidence.  Each such category is discussed below.

A.  Extraneous Offenses/Bad Acts

The Defendant moved to exclude unidentified "bad acts," pointing out that "[t]he Government has not provided notice of any item of proposed evidence pursuant to Rule 404(b)." Doc. 283 at 1.  The Government did file Rule 404(b) Notices under seal on June 29, 2018, after which all counsel of record received four ECF email notifications concerning a "Sealed Event" filing.  None of the counsel for the Defendants contacted the Government about the filing, and undersigned Government counsel misunderstood that such "Sealed Event[s]" are not accessible for anyone on PACER in this District, and that the local practice was for the filer to email a copy of the filing to all counsel.  The Government emailed defense counsel the 404(b) Notices on Tuesday, December 4, 2018.  Accordingly, the Government is not opposed to a motion by any Defendant for leave to file a motion concerning the Government's 404(b) Notices.

A.  Virenda Sharma/Vikram Datta/Article on Datta

1

The Defendant seeks to exclude any mention of the names Virender Sharma and Vikram Datta (who both also owned and operated wholesale perfume businesses in downtown Laredo) because, according to the Defendant, they "are not part of the alleged conspiracy," evidence concerning them is not relevant. Doc. 283 at 3. The evidence at issue stems from a post-arrest interview during which the Defendant admitted to being aware generally that the legal trouble of Virender Sharma and Vikram Datta related to laundering drug trafficking money through their respective perfume stores. Such evidence is probative of the Defendant's knowledge that payments consisting of drug money had been laundered through a fellow downtown Laredo perfume store and, therefore, her knowledge that cash payments to her own store may also be problematic. It speaks to both the potential for actual knowledge as well as deliberate ignorance of the source of the funds, either of which is relevant to proving money laundering.

B.   Closing of Business Bank Account

Based on FRE 402, 403, 802, and 901, the Defendant moved the Court to exclude any reference to her and coconspirator Harsh Jaggi's El Reino bank account being closed. Doc. 283 at 3. The Government has offered as an exhibit a recording (and corresponding transcript) of a conversation during which the Defendant's coconspirator, Harsh Jaggi, admitted that the El Reino bank account was closed because of repeated illegally "structured" cash deposits just under the $10,000 cash reporting threshold.[1] As for the Defendant's Rule 802 and 901 objections, because the statement "was made by [a] coconspirator [*i.e.*, Harsh Jaggi] during and in furtherance of the conspiracy," it is not hearsay under FRE 801(d)(2)(E), and the statement will be authenticated at trial.

---

[1] Govt. Exh. 314A-(S1) at 10.

As for the Defendant's unsupported FRE 402/403 claim, evidence is relevant if: "(a) it has *any* tendency to make a fact more or less *probable* than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). Here, the Indictment includes money laundering charges based in part on knowledge that a transaction was designed "to avoid a transaction reporting requirement under State or Federal law," as prohibited by Title 18, United States Code, Section 1956 (a)(1)(B)(ii).

To show the Defendant's knowledge of this design, the Government intends to offer evidence that (i) the Defendant and coconspirator Defendant Harsh Jaggi gave their El Reino business bank account number to at least one of their customers so he could make cash deposit payments, (ii) subsequently there were repeated "structured" deposits on behalf of that customer that were designed to avoid the Currency Transaction Report cash reporting statute, (iii) next, according to coconspirator Defendant Harsh Jaggi (via a statement made in furtherance of and during the conspiracy), the bank closed the El Reino account because of those illegal "structured" deposits, (iv) the Defendant and coconspirator Defendant Harsh Jaggi then opened another account at a different bank and gave the new account number to the same customer, and, finally, (v) there were similarly "structured" deposits on behalf of that customer into the new El Reino bank account that again were designed to avoid the Currency Transaction Report cash reporting statute.

Accordingly, the closing of the first bank account is relevant to (and significantly probative of) the Defendant's knowledge that the deposit transactions on behalf of the same customer into the El Reino account at the second bank also would be designed to avoid the

3

Currency Transaction Report cash reporting statute. Finally, although certainly prejudicial to the Defendant, there is no support for a finding of unfairness.[2]

C. Expert Witness-Agent Gogley

The Defendant moved to exclude the Government's proffered expert testimony on the basis that the Government failed to comply with Federal Rule of Criminal Procedure 16.

1. The Defendant's baseless motion should be denied because the Government's Notice was adequate.

The Defendant claimed the Government's Notice of Intent to Offer Expert Testimony (Doc. No. 235) was insufficient under Rule 16 and therefore should be excluded. Doc. 283 at 4-5. The purpose of Rule 16 is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 Amendment.

On September 18, 2018, in addition to providing the qualifications of the Government's proposed expert, the Government provided the following details about its expert's proffered testimony:

> (1) money laundering generally; (2) TBML and BMPE money laundering schemes; (3) common conduct and motivation for the conduct of participants in TBML and BMPE money laundering schemes; (4) analysis of financial and other business records, recorded conversations, and other evidence in this case documenting the co-conspirators' pattern of transferring money and goods; (5) the resemblance of that pattern to a typical BMPE money laundering scheme; (6) the differences between that pattern and the operation of legitimate businesses; (7) the effect of that pattern on concealing or disguising from law enforcement the nature, location, source, ownership or control of illegal proceeds, including those from drug trafficking; and (8) the Bank Secrecy Act cash reporting requirements (i.e., Form 8300, Currency Transaction Report, and Currency and Monetary Instrument

---

[2] See Dollar v. Long Mfg., N. C., Inc., 561 F.2d 613, 618 (5th Cir. 1977) (quoting Old Chief v. United States, 519 U.S. 172, 193 (1997)) ("'Unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

> Report) generally, and, in particular, their significance in BMPE money laundering schemes, common reasons for cash-reporting failures, and the effect of cash-reporting failures on concealing or disguising from law enforcement the nature, location, source, ownership or control of illegal proceeds, including those from drug trafficking.

Doc. No. 235 at 2.

The summary of proffered testimony above provided the Defendant more than a "fair opportunity to test the merit of the expert's testimony through focused cross-examination," and the Defendant provided nothing to support a finding to the contrary.

    2.    <u>The Defendant's Motion should be denied because she failed to "make serious and timely efforts to confer," in violation of this Court's Procedures.</u>

According to this Court's Procedures in Criminal Cases, "Counsel must make serious and timely efforts to confer with opposing counsel on all motions to try to reach agreements on the relief to be requested by movant." Procedure 6A(1). Here, the Government filed its Notice of Intent to Offer Expert Testimony (Doc. No. 235) on September 18, 2018 - - more than two months before the Defendant filed her motion claiming the Notice was so insufficient she "cannot adequately prepare for cross examination." At no point during those two-plus months did the Defendant even suggest to Government counsel that the Notice was insufficient or ask for additional information about the Government's expert or his proffered testimony.

Instead, the Defendant waited until just a few hours before the motions deadline to even inform the Government that she planned to move to exclude the Government's expert testimony based on insufficient notice. If the Government's notice was so insufficient, she was required to "make serious and timely efforts to confer" with Government counsel about that purported insufficiency. Instead, the Defendant strategically waited until it was too late for the requisite "serious" effort to meaningfully confer, and her motion should be denied for that reason alone.

D.      Conclusion

For the foregoing reasons, the Court should deny the Defendant's Motion *in Limine*.

Respectfully,

RYAN K. PATRICK
UNITED STATES ATTORNEY


/s/ José Angel Moreno
José Angel Moreno
Assistant United States Attorney


Deborah Connor
Chief
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice


/s/ Keith Liddle
Keith Liddle
Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018, a true and correct copy of Response to the Defendant's Motion *in Limine* was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to all Counsel of Record.

/s/ Keith Liddle
Keith Liddle
Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice