UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -vs- | § | CRIMINAL NO.  5:17-CR-560 |
| | § | |
| RAVINDER REDDY GUDIPATI, | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*** 

Defendant Ravinder Gudipati filed a Motion *in Limine* asking the Court to exclude the Government's proffered expert testimony.  In support, the Defendant baldly asserted "the government has failed to give proper notice pursuant to Rule 16," and "the apparent proposed subject matter is precluded under Rules 702, 703, 704, and 705."  Doc. 286 at 1.

    A.    The Defendant's Motion should be denied because it included absolutely no legal or other support, in direct violation of the Local Rules.

According to the Local Rules, "[a] Pretrial motion shall be in writing and state specifically the basis for the motion.  The motion shall be supported by a statement of authority." CrLR12.2.  Moreover, motions that do not comply with these rules are waived.  *See* CrLR12.1. In support of his motion, the Defendant merely baldly asserted the Government's Notice was insufficient and the proffered expert testimony "precluded" by the Federal Rules of Evidence. Not only did Defendant provide absolutely no legal basis for his request, the Defendant did not even cite anything in the Government's Notice or offer an argument or explanation to support his unsupported assertions.  Presumably the very purpose of the Local Rule requiring a "basis" and "support" is to avoid wasting the Court's and other parties' time considering motions as this one

1

that are so bare one could only guess at its meaning, if any.  The Defendant has waived his request, and his motion should be denied.

      B.      <u>The Defendant's Motion should be denied because he failed to "make serious and timely efforts to confer," in violation of this Court's Procedures.</u>

According to this Court's Procedures in Criminal Cases, "Counsel must make serious and timely efforts to confer with opposing counsel on all motions to try to reach agreements on the relief to be requested by movant." Procedure 6A(1).  Here, the Government filed its Notice of Intent to Offer Expert Testimony (Doc. No. 235) on September 18, 2018 - - more than two months before the Defendant filed his motion claiming the Notice was insufficient.  At no point during those two-plus months did the Defendant even suggest to Government counsel that the Notice was insufficient or ask for additional information about the Government's expert or his proffered testimony.  The Defendant's motion should be denied for this reason alone.

      C.      <u>The Defendant's baseless motion should be denied because the Government's Notice was adequate.</u>

Because the Defendant's motion did not offer even explanation as to how the Government's Expert Notice is insufficient, it is difficult, if not impossible, to respond in a meaningful way.  Nonetheless, the Government will attempt to address the objection.  On September 18, 2018, in addition to providing the qualifications of the Government's proposed expert, the Government provided the following details about its expert's proffered testimony:

> (1) money laundering generally; (2) TBML and BMPE money laundering schemes; (3) common conduct and motivation for the conduct of participants in TBML and BMPE money laundering schemes; (4) analysis of financial and other business records, recorded conversations, and other evidence in this case documenting the co-conspirators' pattern of transferring money and goods; (5) the resemblance of that pattern to a typical BMPE money laundering scheme; (6) the differences between that pattern and the operation of legitimate businesses; (7) the effect of that pattern on concealing or disguising from law enforcement the nature, location, source, ownership or control of illegal proceeds, including those from drug trafficking; and (8) the Bank Secrecy Act cash reporting requirements (<u>i.e</u>., Form

8300, Currency Transaction Report, and Currency and Monetary Instrument Report) generally, and, in particular, their significance in BMPE money laundering schemes, common reasons for cash-reporting failures, and the effect of cash-reporting failures on concealing or disguising from law enforcement the nature, location, source, ownership or control of illegal proceeds, including those from drug trafficking.

Doc. No. 235 at 2.

The purpose of Rule 16 is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 Amendment. The summary of proffered testimony above provided the Defendant more than a "fair opportunity to test the merit of the expert's testimony through focused cross-examination," and the Defendant provided nothing to support a finding to the contrary.

D.    Conclusion

For the foregoing reasons, the Court should deny the Defendant's Motion *in Limine*.

Respectfully,

RYAN K. PATRICK
UNITED STATES ATTORNEY


/s/ José Angel Moreno
José Angel Moreno
Assistant United States Attorney


Deborah Connor
Chief
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice

3

/s/ Keith Liddle
Keith Liddle
Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018, a true and correct copy of Response to the Defendant's Motion *in Limine* was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to all Counsel of Record.

/s/ Keith Liddle
Keith Liddle
Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice

4