United States District Court
Southern District of Texas
**ENTERED**
December 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 5:17-CR-560 |
| | § | |
| ADRIANA ALEJANDRA GALVAN-CONSTANTINI, *et al.*, | § § | |

## NOTICE

This filing serves to memorialize the Court's rulings on myriad issues raised during this week's pretrial-motions hearing.

1. **Government Exhibits without objection:** 1–7, 13–20, 31–35, 62–64, 118–127, 132–140, 178–179, 249–250, 269–280, 335–341, 359–361A, 370–376, 383A–384E, 386–390I. These exhibits are preadmitted.

2. **Government Exhibits comprised of calls, videos, listening-device recordings, and accompanying transcripts:** 24–30A, 37–44A, 46–61A, 65–116, 128–131A, 141–141A, 144–150A, 153–177A, 182–226A, 229–248A, 251–268A, 281–304A, 305–305A, 307–308A, 311–329A, 342–344A, 348–354A, 357–357A, 362–362A, 366–367A, 369, 391–395A. The Government must articulate its evidentiary bases for introducing each of these exhibits. If its contention is that these statements are definitionally not hearsay because they are co-conspirators' statements, the Government must establish proof of the relevant conspiracy prior to introduction. Defendants must respond to the Government's arguments with reference to case law and analysis specific to each item. It also bears mentioning that all parties have acknowledged that *Crawford* is not applicable to these exhibits.

3. **Government Exhibits comprised of receipts and other business documents:** 36–36A, 45–45A, 151–152A, 181, 227–228A, 309–310A, 355–356A, 385–385D, 396. The Government must articulate its evidentiary bases for introducing each of these exhibits. If its contention is that these statements are definitionally not hearsay because they are co-conspirators' statements, the Government must establish proof of the relevant conspiracy before introduction. Defendants must respond to the Government's arguments with analysis specific to each item and reference to case law.

4. **Government Exhibits comprised of emails:** 306–306A, 345–347A. The

Government must articulate its evidentiary bases for introducing each of these exhibits. If its contention is that these statements are definitionally not hearsay because they are co-conspirators' statements, the Government must establish proof of the relevant conspiracy before introduction. Defendants must respond to the Government's arguments with analysis specific to each item and reference to case law.

5. **Government Exhibits comprised of judgments and convictions, and plea agreements for individuals not included on Government's Witness List:** 142, 180. The Court denies admission of these exhibits under Federal Rule of Evidence 403, having found that their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

6. **Government Exhibits comprised of judgments and convictions and plea agreements for individuals included on Government's Witness List:** 330–334, 368. These exhibits are admitted subject to authentication. The Government must review the plea agreements and identify information in the factual portion that would be appropriate to redact; if Defendants object to non-redacted portions of the plea agreements, they must file objections with analysis specific to each item and reference to case law.

7. **Government Exhibits comprised of transaction ledgers provided by the CS to law enforcement:** 10–12. Admitted subject to authentication and clarification as to whether these documents were prepared before or after the CS began working with law enforcement.

8. **Government Exhibits comprised of photographs and papers shown to Harsh and Neeru Jaggi during interviews on January 24, 2017:** 363–65A. The Government must articulate its evidentiary bases for introducing each of these exhibits. Defendants must respond to the Government's arguments with analysis specific to each item and reference to case law.

9. **Government Exhibits comprised of IRS certifications of lack of records and an FINCEN certification letter:** 377–83. The Government must articulate its evidentiary bases for introducing each of these exhibits. Defendants must respond to the Government's arguments with analysis specific to each item and reference to case law.

10. **Government's photograph of Cory Eaton:** 143. Denied admission.

11. **Other Government exhibits:** 8–9, 21–23. Admitted subject to authentication.

12. **Defendants Galvan-Constantini's and Montes-Patino's Exhibits.** Both Defendants withdrew their previously submitted Exhibit Lists and will file new Lists with one exhibit each, consisting of a redacted indictment. So long as those exhibits are redacted where appropriate, they will be admitted without objection.

13. **Defendant Gudipati's Exhibits comprised of Form 8300s and Related Invoices:** 1–161. Admitted subject to authentication.

14. **Defendant Gudipati's Exhibits comprised of NYSA Impex LLC account statements:** 161–163. The parties will be afforded an opportunity to conduct further review.

15. **Defendant Gudipati's Exhibits comprised of passports, Texas Franchise Tax public information, and a licensed customs broker export certification:** 165–175. Admitted subject to authentication.

16. **Defendant Gudipati's Exhibits comprised of emails:** 176–198. Defendant must provide all attachments to these messages to the Government, which will be given a renewed opportunity to object.

17. **Defendants Harsh and Neeru Jaggi's Joint Exhibits:** 1–316. Admitted subject to authentication.

18. **Government's Motion in Limine.** Sections 1–5 of the Government's Motion in Limine are **GRANTED**. Section 6 of the Government's Motion in Limine requests authorization to recall Government witnesses during its case-in-chief. This request is complicated by the fact that an undercover agent who will testify on the Government's behalf is also the case agent and would therefore be exempt from invocation of the witness-exclusion rule. That exemption could prove prejudicial to Defendants, and such prejudice is not outweighed by any need on the Government's part—when questioned at the hearing, the Government stated it did not yet know if it wished to employ this non-traditional mode of presenting witnesses but just wanted to have the option available. Section 6 of the Government's Motion is therefore **DENIED**.

19. **Government's Expert.** The Government must provide a detailed description of the opinions its purported expert witness will provide, as well as the bases and reasons for those opinions. Once the agent's statement is provided to Defendants, they may re-urge their objections to the substance of those statements. Assuming that the Government provides sufficient Rule 16 notice and the agent's statements are otherwise permissible, the agent will be subjected to voir dire outside the presence of the jury; in anticipation of that, the Government must ensure that anything relevant in the agent's background

(e.g., disciplinary records, connection to individuals in this case) is disclosed to Defendants and the Court by <u>December 21, 2018</u>.

20. **Government's 404(b) Notices.** The Government represented that any evidence alluded to in its 404(b) notices that will be presented during its case-in-chief is included in its Exhibit List. Any 404(b) evidence not included on its Exhibit List will not be admitted unless as rebuttal.

21. **Brady–Giglio Disclosures.** The Government must ensure that it has obtained and turned over to Defendants all relevant information concerning the CS from all districts, and the CS's entire file should be brought into the courtroom for the duration of trial.

22. **Terminology and Characterizations.** First, the Government will only be permitted to use the terms "Trade Based Money Laundering" and "Black Market Peso Exchange" when describing a particular scheme, and the Court will give a cautionary instruction regarding the relevant use of the terms. Second, the Court will only permit reference to currency as "drug proceeds" if the Government first lays a foundation for labeling currency with that phrase. Third, the Government's trial attorneys from the U.S. Department of Justice's Money Laundering and Asset Recovery Section will be referred to only as Department of Justice Trial Attorneys in the presence of the jury.

23. **Prosecutions of Datta and Sharma.** Evidence of Defendants' knowledge of the prosecutions of Virender Sharma and Vikram Datta will be disallowed under Federal Rules of Evidence 402 and 403, unless Defendants claim to be completely ignorant of these types of schemes (i.e., laundering money through perfume businesses).

24. **Bank account closure.** The Government must articulate its rationale for introducing evidence of statements regarding the closing of an El Reino bank account, including who made the statements and when they were made. Defendants must respond to the Government's arguments with analysis of the evidence and reference to case law.

25. **Voir dire.** The Court typically covers the following topics during voir dire: law enforcement backgrounds and associations, trial experience, the presumption of innocence, grand juries, prior involvement in criminal matters, the federal system and U.S. Attorney's Office, controversies with the federal government, defense counsel and defendants, relatives, co-workers, indictments, potential witnesses, the credibility of witnesses, the right to testify or remain silent, personal opinions, schedules, and personal convictions. The parties will not be precluded from expanding upon these topics if they so desire. Each side will be permitted three (3) hours to conduct voir dire, with Defendants to decide

among themselves how they will split their time. All parties are cautioned against posing questions with the sole intent of striking the entire venire panel without first educating members on pertinent issues. Improper questions and misstatements of law will be immediately corrected by the Court. Counsel wishing to ask questions must submit their proposed question topics to the Court by December 17, 2018, at 5:00 p.m. Any objections to proposed voir dire topics must be filed by December 21, 2018, at 5:00 p.m.

26. **Jury Instructions.** Any non-pattern jury instructions proposed by the parties must be filed with reference to relevant case law. Counsel for Defendant Harsh Jaggi is to identify the cases where his proposed "Good Faith" instruction has previously been permitted, as well as any other supporting case law, by December 21, 2018, at 5:00 p.m.

27. **Witness questioning by attorneys**. Defendants' counsel will decide among themselves the order in which they wish to question witnesses, but they must establish their ordering prior to trial and there can be no delays.

28. **Witness questioning by jurors.** Jurors will be permitted to ask clarifying questions at the conclusion of each witness's testimony. (Dkt. No. 257). The parties were told that any objections must have been filed by December 14, 2018, at 5:00 p.m. with reference to case law.

29. **Day-to-day logistics of trial.** Lawyers must be in the courtroom daily at 8:20 a.m., the jury will be brought in at 9:00 a.m., lunch breaks will typically be from 12:30 p.m. until 1:30 p.m., and proceedings will continue until 5:30 p.m. unless appropriate to continue after that time.

30. **January 11, 2019.** Court will not be held on this date.

To the extent that the above calls for additional briefing from the Government, such briefing is due by December 17, 2018, at 5:00 p.m. Defendants will be given until December 21, 2018, at 5:00 p.m. to respond to the Government's briefing and address any other issues raised by the Court. All responses to this order must cite supporting case law and analyze its applicability to relevant pieces of evidence; highly generalized objections to entire swaths of exhibits will not suffice. The Court will hold a *James* hearing on January 7, 2019, at 10:00 a.m., to be followed by a hearing

on all other unresolved evidentiary matters. Given the number of evidentiary issues that remain to be addressed, jury selection and commencement of trial will be moved to <u>January 8, 2019</u>.

It is so **ORDERED**.

**SIGNED** December 14, 2018.

                                            Marina Garcia Marmolejo
                                            United States District Judge